LEO PASQUALE, PETITIONER-PROSECUTOR, v. CLYDE PIECE DYE WORKS, INCORPORATED, RESPONDENT-DEFENDANT.

Submitted May 3, 1938—Decided August 11, 1938.

558

Before Justices CASE, DONGES and PORTER.

For the petitioner-prosecutor, *David Cohn.*

For the respondent-defendant, *Kellogg & Chance (R. Robinson Chance.)*

The opinion of the court was delivered by

CASE, J. The case arises under the Workmen's Compensation act. The workman was injured August 2d, 1934. He filed his petition with the bureau and the employer answered admitting employment, the accident and, in general, the facts constituting liability. The parties apparently came to an oral understanding as to the extent of temporary and permanent disability. Nevertheless there was a formal hearing and the deputy commissioner, after the hearing, made a formal award along the same lines. The hearing was held on the eighteenth, and the formal award was made on the 30th of March, 1935. On June 29th, 1935, the workman filed a supplemental petition which alleged that his injuries were more severe than he had previously been aware. The employer answered denying increased disability and moved, on November 12th, 1935, that the case be dismissed upon the ground that it had been litigated. The motion was denied. A protracted hearing, occupying three days, did, however, result in a judgment of dismissal. Upon appeal, the Passaic County Common Pleas affirmed that judgment.

The substance of prosecutor's argument may be stated thus: (1) the deputy commissioner was wrong in holding that the only point to be determined was whether there had been an increase in permanent disability; (2) the deputy commissioner erred in holding that the burden of proof was upon the claimant; (3) the weight of the testimony does not support the factual findings.

Although the determination made on the first petition was in complete agreement with the plan proposed by the parties,

it was, we find, an independent determination of the issues upon the merits after hearing in the customary mode and therefore was invested with the conclusive character of a final judgment within the rule stated in *Streng's Piece Dye Works, Inc.*, v. *Galasso*, 118 *N. J. L.* 257. It is not to be classed as an agreement without a determination or as an award on an agreed amount such as was the subject of the holding in *Ruoff* v. *Blasi*, 117 *Id.* 47; *affirmed*, 118 *Id.* 314. Some of the facts were stipulated. It was stipulated that in the opinion of Dr. Blumberg, a neurologist who had made an impartial examination of the workman on behalf of the state, the workman showed no neurological condition due to the accident and that a five per centum estimate of permanent disability was fair; and the doctor's report was marked in evidence by stipulation. The fact that the workman had met with an accident arising out of and in the course of his employment, the date thereof, the weekly wage, the amount of temporary disability already paid, the duration of treatment by the attending physician—all of these were stipulated facts. But the presentation of facts by stipulation is practiced in all courts, appellate as well as trial. The workman was sworn and questioned as to his physical condition. His medical expert testified at length of the examinations that he had made and the opinions he had formed; that there had been a forty per centum disability, reduced, however, at the time of the hearing, to a five per centum permanent disability in the man's physical condition, brought up to ten per centum by a traumatic neurosis. The respondent's physician, being sworn, testified that he found no existing disability, that there was no evidence of a traumatic neurosis, and that the man appeared like a normal man of forty-five years of age (his age was forty-six) ; and the witness was cross-examined in detail.

The determination and rule for judgment recites the stipulated facts and the proofs and finds, upon "the stipulations entered into and the testimony adduced," "that the petitioner met with an accident arising out of and in the course of his employment on August 2d, 1934, and that he was disabled

and unable to work for a period of nineteen (19) weeks thereafter. Since eighteen (18) weeks of this allowance have already been paid, there remains a balance of one week still due for temporary disability. I further find that the petitioner, by virtue of his accident, has suffered a permanent disability equivalent to five (5%) per cent. of total permanent disability." The acceptance by the deputy commissioner of one physician's testimony that there was an actual five per cent. impairment and of the other physician's testimony that there was no traumatic neurosis would lead logically to such a conclusion. Unless it is to be said that the parties must create a dispute as to the facts where no dispute exists, or that, facts being conceded to be facts, the parties must nevertheless proceed to prove them in their entirety by formal testimony, or that the deputy commissioner, being convinced by the proofs that the allowances agreed to by the parties are just and sound, must nevertheless arrive at some other determination in order to comply with the Workmen's Compensation act, we think that the force of the March, 1935, determination as a judgment is apparent. A judgment entered in a proceeding in the bureau after hearing is a final judgment and a final disposition of the case even though the parties agree to the award as made. *Federated Metals Corp.* v. *Boyko,* 11 *N. J. Mis. R.* 807; *affirmed,* 112 *N. J. L.* 87.

Prosecutor lays stress upon the deputy commissioner's words in refusing to dismiss the second petition:

"I am satisfied that this is not a case that should be dismissed, that the petitioner is not precluded from filing a petition; is not precluded from filing a petition on the question of increased disability. I find from the record that this was a settlement and therefore, it is not a closeout, and that the petitioner has a right to return and have his case heard on the question of increased disability."

What the deputy commissioner was there holding was that the case was not in such posture that the workman could not be heard upon the question of increased disability. A workman is not to be deprived of such opportunity, even after a formal award, if, as was done in this case, the application is

made within two years from the date of the last payment of compensation. Chapter 279, *Pamph. L.* 1931, amending section 21(f) of the Workmen's Compensation act; *J. W. Ferguson Co.* v. *Seaman,* 119 *N. J. L.* 575; *Ecken* v. *O'Brien,* 115 *Id.* 33; *affirmed,* 116 *Id.* 94.

A careful study of the record leaves us in no doubt that the understanding of deputy commissioner and of counsel throughout the contest on the supplemental petition was that the issue was whether there had been an increase in disability since the prior adjudication and that this understanding was encouraged by the express and repeated assertion of counsel for the claimant. On the very first day, when the only step taken in the cause was the making by respondent of its unsuccessful motion to dismiss because of the earlier proceedings in the cause, counsel for claimant said:

"There can't be the slightest doubt, your honor please, that this is a type of case which can always be reopened for the purpose of proving increased disability."

In denying the motion the deputy commissioner, with no suggestion of disagreement on the part of claimant's counsel, said "that the petitioner has a right to return and have his case heard on the question of increased disability. I will, therefore, deny the motion." Eight months later, when the actual hearings were beginning, the deputy commissioner said, "can we agree on anything before we start in?" and after a colloquy the deputy commissioner asked claimant's counsel and the latter answered thus:

"The court: Then the situation in this case is that this matter was originally settled and now you are on a petition to reopen on the ground of increased disability.

"Mr. Cohn: Exactly, since March, 1935."

Throughout the hearings the question of increased disability was commented upon and stressed in the testimony; as, for instance, on the argument of the propriety of a question asked of the claimant by respondent's counsel, the latter said in support: "The last question was directed to his condition prior to the settlement and this is a claim for increased disability and it is very important;" and again there was no

dissent to the expressed purpose of the proceedings. Finally at the end of the hearings, when both sides had rested and waived argument, the deputy commissioner informally announced his findings and began with this statement of his understanding of the issue:

"The issue is whether the petitioner's disability has increased since the last hearing and settlement which was in March, 1935."

Claimant's counsel, although he otherwise excepted, made no comment upon the view thus expressed. We think that a judicial tribunal may not be induced or at least obviously permitted to take a plainly expressed and uncontradicted view of the issue and to hold that view from the beginning to the end of a long litigation and then, after the issue has been decided adversely to the contention of a party, be under attack on the review for deciding the case on that issue. When a case is tried by both parties upon a theory which disregards the precise issue raised by the pleadings, the defeated party is estopped from urging as error a ruling of the trial court based upon the pleadings but which as applied to the issue as tried is correct. *Berg* v. *Rapid Motor Vehicle Co.,* 78 *N. J. L.* 724; *Ciccone* v. *Colonial Life Insurance Co.,* 110 *Id.* 276; *Hyman* v. *Atlantic City, &c., Railroad Co.,* 101 *Id.* 124; *Frankle* v. *Lincoln Private Hospital,* 98 *Id.* 231. In jury cases, where the parties, without objection, try and submit the question at issue upon a certain theory apparently satisfactory to themselves and suffer the case to go to the jury upon the legal theory thus adopted, such course of procedure becomes the law of the case, and it is too late, upon appeal, for either party for the first time to question the legal propriety of the course thus pursued. *Kapherr* v. *Schmidt,* 98 *Id.* 803; *Silver Rod Stores, Inc.,* v. *Bernstein,* 110 *Id.* 117; *Building Supply Co.* v. *Greenberg,* 107 *Id.* 361. We think that that principle of law should properly be applied to the instant case. When, with the consent of a party, a petition under the Workmen's Compensation act was treated before the bureau as in substance one for compensation for increased disability the party is estopped from asserting other-

wise as a ground for reversal. *Kolesnik* v. *Irvington Varnish and Insulator Co.,* 120 *Id.* 8.

The burden of proving increased disability was, of course, upon the claimant, just as in the first instance the burden of proving any injury, and the extent and the effect thereof, is upon a claimant. If it were that the whole case was opened up and the first determination held for naught, the burden of proof would still be upon the claimant.

We find that the prosecutor's contention that the weight of the testimony does not support the factual findings is not well taken. The medical witnesses differed among themselves as to the condition of the claimant but practically all of them testified that he had exaggerated his ailments and that their opinions hinged in part upon his recital, which, however, they had endeavored to discount. The deputy commissioner clearly considered that the claimant was a malingerer. He specifically said in his oral conclusions that the man was untruthful upon the witness stand.

Prosecutor complains further that the Court of Common Pleas erred in failing to see and observe the workman. The proceeding is statutory. The statutory provision is that the trial of the appeal before the pleas "shall be based exclusively on the transcript of the record and testimony." *Rev. Stat.* (1937) 34:15-66. We find in the record no request upon the court to make a view and observation of the workman and no authority in the statute or in the cases to support such a request had one been made.

The judgment below will be affirmed, with costs.