PATRICK B R E H E N Y, PETITIONER-RESPONDENT, v. COUNTY OF ESSEX AND BANKERS INDEMNITY INSURANCE COMPANY, DEFENDANTS-APPELLANTS.

Argued October 16, 1945—Decided January 24, 1946.

For the appellants, *Maurice C. Brigadier.*

For the respondent, *David Roskein* (*John A. Laird,* of counsel).

The opinion of the court was delivered by

HEHER, J. It is a rule of general application that a party shall not be heard in an appellate court upon a point not raised and considered in the court below. *Jacob Ruppert* v.

*Jernstedt & Co.,* 116 *N. J. L.* 214; *Garretson* v. *Appleton,* 58 *Id.* 386; *Delaware, Lackawanna and Western Railroad Co.* v. *Daily,* 37 *Id.* 526. But here the sole issue determined by the Compensation Bureau was whether the injured employee had sustained the burden of establishing an increase of the disability previously found to have ensued from a compensable accident; and, if it be conceded *arguendo* that the omission would preclude the application of the rule of unfavorable inference on the subsequent factual reviews, we have no means of knowing from the record submitted whether, in the course of appellants' analysis of the evidence and marshalling of the facts before the Bureau,. it was argued that respondent's failure to call as witnesses his then attending physician and three physicians who had testified in his behalf in the original proceeding reasonably gives rise to the inference that their testimony would not have supported the hypothesis that respondent's present condition of total and permanent incapacity is referable to the accident. The arguments of counsel are not a part of the record; and we are not at liberty to assume that this particular mode of reasoning was overlooked by counsel or ignored by the Bureau in the weighing of the evidence in the case at hand. It is not requisite that it affirmatively appear that every such precept or rule for testing the worth of evidence was cited by counsel in his argument. It is to be presumed that the judicial or *quasi*-judicial authority charged with the exercise of the fact-finding function has been guided in the individual case by the elementary standards laid down by the law for weighing and appraising the proofs. It is conceded that here the question was specifically raised, without objection, in the Essex Pleas, although it is not given mention either in the conclusions or the formal determination of that tribunal.

And the rule thus invoked is but one facet of the process of reasoning by which testimony is assessed to determine whether the *onus* of proof has been satisfied; and its application is indispensable to the fulfillment of that function. Evidence is not alone to be evaluated by its own intrinsic weight. As said by Lord Mansfield in *Blatch* v. *Archer, Cowp.* 63, 65, it is a maxim of the law that "all evidence is to be weighed

according to the proof which it was in the power of one side to have produced, and in the power of the other to have contradicted." Testimony of a weaker and inferior quality is to be cautiously scrutinized when more certain and explicit evidence is within the power of the party who has the burden of proving the fact in issue, and there is no satisfactory explanation for its non-production. An unfavorable inference may be drawn from the non-production of witnesses whose testimony would be superior in respect to the fact in issue. *Wigmore on Evidence* (3d ed.), § 287.

The withholding of the better-informed testimony suggests fear of exposure of facts adverse to that party. It tends to impeach the integrity of the evidence produced. This is particularly so where the better evidence is peculiarly within the knowledge and reach of the party upon whom the *onus* of proof rests. But the failure to introduce evidence that is comparatively unimportant or cumulative does not necessarily signify the motivation of fear or apprehension as to the tenor of the witness' testimony. *Ibid.*, § 287.

The Supreme Court was under a duty to weigh the evidence and make its own independent findings of fact. *R. S.* 2:81–8, 34:15–66; *Mixon* v. *Kalman,* 133 *N. J. L.* 113. And this statutory function cannot be fulfilled if the court is thus circumscribed in the application of the principles that are fundamental in the appraisement of the proofs. The rule in question, after all, makes for the attainment of justice through orderly administration; and it has no application when the ends of justice or the statutory policy would be thereby disserved.

In the present circumstances, this court may determine the facts and direct the entry of judgment in conformity therewith. *Harman* v. *Reed,* 108 *N. J. L.* 191; *Vanderbach* v. *Hudson County Board of Taxation,* 133 *Id.* 126. This course has the virtue of putting an end to litigation; and we deem it peculiarly applicable to the case in hand.

We have considered all the evidence adduced and, notwithstanding the failure to call the physicians referred to as witnesses, we concur in the factual findings of the Supreme Court. It is established by the original judgment that, while

respondent was afflicted with sclerosis of the coronary artery, a traumatic heart strain ensuing from the performance of the duties of his employment was the immediate cause of a coronary thrombosis with infarction of the posterior wall of the heart; and the proofs are convincing that the deterioration consequent thereon was productive of total permanent disability. In our view, the expert opinion elicited by respondent, considered in the light of the evidence of like character introduced by appellants and all the facts and circumstances, brings this hypothesis within the realm of reasonable probability. Total permanent incapacity was conceded, and there was therefore no need to call the attending physician as a witness. The latter, a general practitioner, had served in this capacity for but a year and a half before the hearing, and he had no personal knowledge of respondent's physical condition at the time of the accident and for two or three years thereafter. The attending physician during this latter period was in military service at the time of the hearing; and he had not seen respondent for a year and a half prior thereto. There is no showing that either of the remaining two physicians had examined respondent subsequent to the original hearing, and was qualified to testify respecting the matter in issue. It was not incumbent on respondent to adduce expert opinion from these physicians, or to explain his failure so to do. To this end, he called a heart specialist of admitted qualifications; and the evidence thus elicited, coupled with the history, demonstrate that respondent's present condition is fairly traceable to the original injury. The witness' opinion was based upon clinical findings. An electrocardiogram revealed that "the lesion is still in the posterior wall of the heart and is a progressive thing." The thrombosis had deprived respondent of "a normally efficient heart." It is significant that one of appellants' medical experts, who conceded total disability, was not asked his opinion as to whether there was a causal relation between that condition and the accident. Another of their experts admitted that the thrombosis, conclusively adjudged to have been the consequent of the accident, "played a part in producing his present disability."

The rationale of the rule invoked by appellants is that, in the particular circumstances, it is reasonably inferable that the party's failure to produce a witness who would naturally be called by him, if the facts known to the witness were favorable, is due to the party's fear of exposure of facts adverse to his cause. *Wigmore on Evidence* (*3d ed.*), §§ 285, 296. An unfavorable inference is not permissible in the circumstances here presented. The fear of exposure is not a natural hypothesis; and there is no basis for the conclusion that the testimony of the uncalled physicians would be superior as regards the fact to be proved.

Judgment affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, CASE, BODINE, HEHER, COLIE, OLIPHANT, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, JJ. 12.

*For reversal*—None.