JOHN HUBER, PETITIONER-DEFENDANT, v. NEW ENGLAND TREE EXPERT CO., RESPONDENT-PROSECUTOR.

Argued May 6, 1948—Decided August 31, 1948.

Before CASE, CHIEF JUSTICE, and Justices BURLING and JACOBS.

For the petitioner-defendant, *David I. Stepacoff* and *James F. Patten.*

For the respondent-prosecutor, *James J. Carroll.*

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. This is the return of a writ of *certiorari* which brings up a determination and *remittitur* by the Middlesex County Court of Common Pleas in a matter

under the Workmen's Compensation Act wherein the Bureau had dismissed the claimant's petition. The order of the Court of Common Pleas directed:

"1. That the cause be and the same is hereby remanded to the Workmen's Compensation Bureau for the taking of additional evidence by either or both parties.

"2. That the case shall proceed as if the Respondent had set up in its Answer the affirmative defense that any increased disability that Petitioner may have suffered since the award of compensation under the Original Petition is due, not to the accident of June 15th, 1943, but to the natural progress of chronic alcoholism, with which the Petitioner is alleged to be afflicted.

"3. That the case shall proceed as if the Petitioner had set forth in the pleadings that the accident of June 15th, 1943, is the cause of Petitioner's present existing disability in itself or by way of an aggravation of a pre-existing physical condition."

The order is in effect an amendment of the pleadings and a direction to the Workmen's Compensation Bureau to take further testimony upon the pleadings as thus amended. It is contended by the prosecutor of the writ that the Court of Common Pleas erred in that judicial action. For the reasons stated below we conclude that the contention is sound.

Claimant met with an industrial accident while in the employ of prosecutor on June 15th, 1943. As a result he was, following a petition and an answer filed in the Bureau and pursuant to a determination and judgment thereon, paid two weeks' temporary disability benefits and the sum of $800 for permanent disability which represented eight per centum of total. On June 8th, 1945, he filed with the Bureau the present petition in which he made claim for increased disability arising from the accident and for further medical and hospital treatments. The employer filed an answer wherein it denied that claimant had suffered the alleged increased disability. Therein lay the issue which was accepted by the parties and actually tried out. The matter came on for hearing on September 12th, 1945. The claimant on that day and on the adjourned dates of October 31st, 1945, January 2d, 1946, and

January 30th, 1946, produced his case and on April 17th, 1946, rested, and on the last named date the employer produced its case and rested. Both parties at the close of the last day's testimony announced that they had completed their respective cases, whereupon the Deputy Commissioner reserved decision. The determination, when filed, made a resumé of the evidence and concluded:

"I find as a fact that prior to the accident of June 15th, 1943, this petitioner had similar complaints to those now complained of as resulting from the accident. None of the testimony offered by the respondent was rebutted or denied by the petitioner, although he had every chance and opportunity to do so if these facts were not true. I, therefore, can only conclude that they are true, and that the petitioner's truthfulness leaves a lot to be desired. Without reviewing in detail the injuries and spells that the petitioner suffered from prior to the accident let it be sufficient to see that even the blackouts claimed to be the result of this injury were suffered by the petitioner prior thereto.

"Even the theory of the petitioner's doctors was predicated upon an assumption of fact in that each doctor was advised that the petitioner never suffered any condition to his head prior to the present accident. What the opinion would have been of Dr. Scott and Dr. Rothschild if these men had the true picture before them, I of course cannot guess.

"It is my considered judgment that the petitioner has failed to sustain the burden imposed upon him by law of proving by the greater weight of evidence, the fact that his disability has increased since the accident or that the alleged increase was causally related to the accident."

The petition was accordingly dismissed.

The Common Pleas Court, on the appeal, made no determination as to whether, on the proofs submitted, the deputy commissioner had come to a correct factual conclusion; we find that he had. The learned judge in the Pleas appears to have been influenced to his decision by the fact that the respondent adduced, albeit without objection or ruling in the Bureau (*Newell* v. *Workmen's, &c., Bureau,* 10 *N. J. Mis. R.* 405; *affirmed,* 110 *N. J. L.* 25), testimony tending to prove

that the disability presently complained of is a continuation of conditions preceding and without causal relation to the industrial accident. The judge entertained the view that the introduction of such testimony without having first specially pleaded the contention was error *per se* and that the pleadings should be amended to frame an issue thereon and to permit the claimant to allege aggravation by the accident of a pre-existing physical defect and that the case, to that extent, be retried. It has been held that if the employer seeks to avoid liability upon the ground that a physical impairment presently existing is due to a cause other than the accident the burden of proof is on him to show such cause. *Atchison* v. *Colgate & Co.,* 3 *N. J. Mis. R.* 451; *affirmed,* 102 *N. J. L.* 425. But that is not our case. The question is whether the employer, having denied that the claimant presently manifests any increase of disability arising from the accident, was entitled to introduce proof that such impairment as now exists did not arise from the accident. It was within the employer's right, in establishing its defense, to prove that the conditions now complained of by the claimant were not due to the accident but were due to another cause; and the proofs which it introduced in that respect were at once an attack upon the credibility of the claimant and his wife and upon the whole tissue of the claimant's case. Not only did claimant not raise the objection that proofs of his condition before the accident were improper; he neither rebutted nor attempted to rebut the same.

The hearing of an appeal from the Bureau is to be based exclusively on the transcript of the record and testimony. *R. S.* 34:15–66. It is a trial *de novo* upon the record as presented and is for the purpose of providing a new mind for the consideration of the testimony adduced. *Sweigard* v. *Richards,* 118 *N. J. L.* 394.

The claimant had abundant opportunity, with full knowledge of the circumstances, to move in the Bureau for an amendment of his claim or at least (*Cf. Fontaine* v. *United Engineers and Constructors, Inc.,* 12 *N. J. Mis. R.* 220, 223) for permission to submit further proofs. He did not so attempt at any time. The only question which had such a trend

was asked by claimant's counsel not on his own case or of his own witness but on cross-examination of defendant's expert witness. Counsel then conceded that the petition was filed without making a claim for aggravation and he made no suggestion that the petition should be amended or that aggravation should be tried out as an issue; he simply asserted that the question was permissible.

The Court of Common Pleas has, in proper situation, authority to remand a workman's compensation case to the Compensation Bureau for further attention; as, for the purpose of taking testimony and fixing compensation where the Bureau has erroneously dismissed the petition without going on to those functions, *Jayson* v. *Pennsylvania Railroad Co.,* 101 *N. J. L.* 159; *De Marco* v. *No-Worry Chemical Co.,* 130 *Id.* 40; or where the Bureau has, upon the mistaken ground that an award by consent had the legal effect of a formal determination, refused to reopen a judgment for the purpose of hearing an application upon its merits, *Ruoff* v. *Blasi,* 117 *Id.* 47; *affirmed,* 118 *Id.* 314; or a claim for permanent disability was determined without considering and making an award for temporary disability, *Hawthorne* v. *Van Keuren & Son,* 127 *Id.* 501; or a more specific finding and determination of the issues became necessary, *Rubeo* v. *Arthur McMullen Co.,* 117 *Id.* 574. *Calicchio* v. *Jersey City Stock Yards Co.,* 125 *Id.* 112; *Patton* v. *American Oil Co.,* 13 *N. J. Mis. R.* 825; *affirmed,* 116 *N. J. L.* 382; or the claimant died during the litigation and the record was barren as to the persons entitled, *Williams* v. *New Jersey State Highway Department,* 131 *Id.* 108. And a remand by the Common Pleas Court has been recognized in a doubtful case where the party afterward complaining thereof had agreed to and entered upon that course of procedure. *Mutual Chemical Company of America* v. *Minnili,* 121 *Id.* 449; *affirmed,* 123 *Id.* 262. But the practice of remand by the Pleas manifestly has its limitations, as is suggested by the doubt expressed in the last cited opinion and by the decisions in *Dobrowolski* v. *Glowacki,* 136 *Id.* 167, and *Belvidere* v. *Waldron,* 129 *Id.* 587. In *Pasquale* v. *Clyde Piece Dye Works, Inc.,* 120 *Id.* 557, it was held that when the hearing had been conducted upon a

theory which was satisfactory to the parties but disregarded the precise issue raised by the pleadings, a defeated party was estopped on appeal from urging as error a ruling which, as applied to the issue tried out, was correct. *Cf. Natural Products, &c., Co.* v. *Court of Common Pleas*, 125 *Id.* 309, as to the duty of a party to put in its case at the first hearing in the Bureau. In all of the cited instances there was some faulty ruling or omission by the trial tribunal or an estoppel against the complaining party. In this case we discover nothing of the sort which bears on the present point.

The position taken and the proof produced by the claimant at the hearing were that he was a well, sound, sober man prior to the accident with only the minor ailments of an average person and that his serious ills all followed the accident and were due to it as the originating cause. Then, following a demonstration of the falsity of that contention and an ensuing adverse decision, he would remake his case upon the proposition that the ailments from which he now suffers predated but were *aggravated* by the accident. The cause of physical ailments may call for expert knowledge, but the experiences and physical history of the claimant were, of course, well known to him and to his wife.

The mild castigation visited by the deputy commissioner in the Bureau upon the petitioner's case was deserved. Petitioner built and tried his case upon a factual premise that he knew was false; and he would be unable to prevail upon the theory of the proposed amendment without serious contradiction of those factual elements. Without touching upon the authority of the Bureau, where the pleadings are filed, the hearing is conducted and the record is made, to grant amendments at any stage when the matter is before it, we conclude that it is not competent for the Court of Common Pleas, passing upon a record which shows no error or judicial omission by the Bureau in pertinent respects, to direct the writing up of new pleadings contradictory of the theory and proofs upon which the case was tried and to send the case down for what in essence, would be a retrial on the amended pleadings.

The employer's medical witness, Dr. Blumberg, testified on direct examination that no part of the petitioner's present

condition bore any relationship to the accident that he sustained on June 15th, 1943. On cross-examination the witness was asked the question referred to above, namely, whether the pre-existing brain condition was aggravated in any way by the industrial accident of June, 1943. That question was, upon objection, overruled. While the Workmen's Compensation Bureau is not bound by technical rules of evidence (*R. S.* 34:15–56), it may not disregard the fundamental rules of judicial proof in making awards, *Ten Eleven Corp.* v. *Brunner,* 135 *N. J. L.* 558, 563; *Helminsky* v. *Ford Motor Co.,* 111 *Id.* 369, 373; *Friese* v. *Nagle Packing Co.,* 110 *Id.* 588. A party may be prejudiced by the exclusion of competent testimony quite as much as by judicial reliance upon admitted incompetent testimony; but we conclude that inasmuch as the cross-examination had no bearing upon the issue being tried the ruling by the deputy commissioner did not injuriously affect the substantial rights of the petitioner. It is clear that the deputy commissioner considered that the petitioner's testimony was not to be believed and that the petitioner had not carried the burden of establishing his pleaded claim. The ruling did not constitute prejudicial error.

The judgment in the Common Pleas will be reversed and the record remanded to that court to the end that the determination and judgment in the Bureau be affirmed. Costs are allowed to the prosecutor of the writ.

Mr. Justice Jacobs concurs in the result.