The petitioner appeals from a judgment of the former Monmouth County Common Pleas Court, affirming the order of dismissal of the Workmen's Compensation Bureau.
The petitioner filed two petitions for compensation, alleging that he suffered injuries from accidents arising out of and in the course of his employment on November 6, 8, 9 and 10, 1945.
It appears that on November 6, 1945, the petitioner, while driving his truck in Pennsylvania was involved in an accident with another car. Thereafter, while attempting to free a portion of his truck, which had become locked with the other car, he tried to lift the bumper with the help of others. He claims that while so engaged, the weight was thrown on him, *Page 69 
with the result that he suffered a severe pain across his chest, right arm and right leg. He says he must have become unconscious, because the next thing he remembers he was sitting on a curb. When the pain subsided he called his employer's office and related the incident to someone there.
Petitioner's employer's son and a fellow employee arrived at the scene and drove petitioner home. Both of these individuals testified that nothing appeared wrong with petitioner excepting a small cut on his hand.
Petitioner further stated that he could not sleep that night and refrained from going to work the next day. On November 8th, however, he went to work and was mounting heavy tractor tires. He stopped working at one o'clock. He did work the following day until 4:30 P.M., but claimed that whenever he lifted heavy objects, he suffered pains in the chest.
On November 10th, he worked all day and was demolishing a building which belonged to his employer. He claims that while he was working he lost consciousness.
On the evening of November 11th, he had a severe heart attack while drinking beer and playing shuffle board at a tavern. It was at this time that he first consulted a physician. Petitioner said that after this attack he remained in bed for a period of two weeks. However, a shipment sheet was introduced in evidence bearing petitioner's signature and dated November 12th, indicating that he worked on that day.
The medical testimony on behalf of both parties was in sharp conflict. On the one hand the petitioner's medical expert expressed the opinion that the petitioner was at the time of hearing suffering from an occlusion, which progressed from previous angina attacks, while the medical witness for the respondent placed the diagnosis on the basis of angina pectoris attacks of a temporary character, due to the loss of the oxygen supply to the heart, and based on a pre-existing arteriosclerotic involvement of the coronary vessel. The doctor further stated that any condition petitioner had at time of hearing, he has had for a number of years.
The issue presented for determination is one of fact, and, more specifically, whether any one or more of the alleged *Page 70 
accidents of November 6, 8, 9 and 10, 1945, as described by petitioner, were either the independent or contributing cause of his disability.
Both the Deputy Commissioner and the court below found it difficult to believe that the petitioner was suffering from an occlusion. His actions were not consistent with those of a man who had suffered such a serious ailment.
The views of the Deputy Commissioner, who had the distinct advantage of personal observation of the witnesses, and the County Court on appeal, will be given great weight. If their conclusions are based on competent evidence, they will not be lightly disturbed. Mason v. Evans, 5 N.J. Super. 338 (App.Div. 1949); Gilbert v. Gilbert Machine Works, Inc.,122 N.J.L. 533 (Sup. Ct. 1939).
In the instant case, the medical testimony was in conflict, and petitioner's actions were inconsistent with his assertions. We feel, therefore, that the judgment of the court below, affirming that of the Deputy Commissioner, was supported by ample competent evidence.
The judgment under review is affirmed.