JACOB F. BOLLERER, PETITIONER-APPELLANT, v. GEORGE AND LUCILLE ELENBERGER, PARTNERS, T/A CITY BAKERY OF LONG BRANCH, RESPONDENT-RESPONDENT.

Argued November 8, 1967—Decided December 4, 1967.

430

Mr. *John G. Rathman* for petitioner-appellant (Mr. *Louis R. Aikins,* attorney; Mr. *John G. Rathman* on the brief).

Mr. *Isidor Kalisch* for respondent-respondent.

The opinion of the court was delivered by

PROCTOR, J. This is a workmen's compensation case. The Division of Compensation dismissed the claimant's petition. The sole ground for the dismissal was a finding that the employer neither was given notice nor had knowledge of the claimed compensable injury within 90 days as required by *N. J. S. A.* 34:15–17. On appeal, the County Court held that the employer had knowledge of the injury suffi-

cient to satisfy the statute. Though the Division had not decided the issue of causal relationship, the County Court determined that the injury was causally related to petitioner's employment and remanded the case to the Division only for a determination of the amount of the award. The Division found permanent disability of 100% and a judgment thereon was entered in the County Court. The employer appealed to the Appellate Division which held that the notice requirement of the statute had not been satisfied. Accordingly, the judgment of the County Court was reversed and the Compensation Division's order of dismissal was reinstated. 93 *N. J. Super.* 57 (*App. Div.* 1966). We granted the employee's petition for certification. 48 *N. J.* 446 (1967).

The petitioner, Jacob F. Bollerer, was employed in the bakery owned by the respondents, Mr. and Mrs. Elenberger. Bollerer had been employed as a cake baker since 1927 by Mr. Elenberger's father and continued in that capacity when the Elenbergers succeeded to the business in 1958. On January 7, 1961 Bollerer gave up his job. He was suffering from partial paralysis of his right side, manifested by a loss of power and control in his right arm and a dragging of his right leg. The condition was diagnosed by his treating physician as the result of a cerebral vascular accident with a thrombus. Bollerer testified that these physical difficulties began at work on December 24, 1960 when, as he reached for a biscuit cutter hanging above his head, he lost feeling and control in his right hand and arm; that this condition became worse, compelling him to use his left hand and to drag his right leg, until he no longer could work as a baker.

It is undisputed that Bollerer did not report the episode of December 24 to the Elenbergers. Nevertheless, under the circumstances of this case, we conclude that they had knowledge of facts sufficient to indicate to them that an injury had been suffered by Bollerer and that the injury might involve a potential compensation claim. It is settled that such knowledge satisfies the notice requirements of the statute. *Goldstein v. Continental Baking Co.*, 16 *N. J.*

8 (1954); *Panchak v. Simmons Co.*, 15 *N. J.* 13 (1954). Although knowledge of a mere loss of physical capacity by an employee may not require an employer to inquire about the possibility of a work-connected injury, when an employer has reason to know that there is a sudden and severe loss of physical capacity and can see that the effects have seriously impaired the employee's ability to perform his work, the employer should suspect a possible work-connected injury. Especially is this true when the sudden loss is followed by a deteriorating capacity to work which itself suggests the possibility, as in fact was claimed in this case, that the continued work aggravated the condition. "Employers may generally be charged with pertinent knowledge far superior to that of their employees; they are undoubtedly now aware that many industrial accidents may occur without external trauma and they must guide themselves accordingly." *Panchak, supra* at 19. The test is whether a reasonably conscientious employer had grounds to suspect the possibility of a potential compensation claim. See 2 Larson, *Workmen's Compensation* § 78.31(a) *pp.* 254–255 (1961).

The facts in this case lead us to conclude that though the Elenbergers might not have had knowledge that Bollerer's condition actually was compensable, they were aware of facts which should have raised in their minds at least the *possibility* that Bollerer's condition was work-connected. Though the evidence is in dispute regarding Bollerer's health prior to Christmas 1960, it is clear that an obvious and precipitous change in his physical condition occurred about December 24, 1960. Mrs. Elenberger testified that she saw that "the work that he did wasn't the same . . . I knew there was something wrong . . . I saw him have difficulty with his work." She observed that Bollerer's condition was so bad that another baker in the establishment had to help him put together and ice a birthday cake, a routine task that ordinarily he would do by himself. Although Mr. Elenberger testified that Bollerer was in poor

health for some months prior to Christmas, he admitted that Bollerer's physical condition "worsened" shortly before Christmas and that on December 24 he saw Bollerer drop a peel (a shovel used for removing baked goods from the oven). He was not surprised when, on January 7, Bollerer "could not physically continue." Two co-employees testified that about Christmas 1960 they observed the partial paralysis of Bollerer's right side and noted that he had great difficulty doing his job and that he dropped things. The Elenbergers could not have failed to recognize that Bollerer had suffered a stroke. All the witnesses agreed that they observed him dragging his right leg and saw that he had difficulty using his right arm and hand; the treating physician stated that on January 23, 1961—two weeks after Bollerer left the Elenbergers' employment—he exhibited a noticeable dragging of his right leg, partial paralysis of his right arm and hand, and involvement of the muscles of the right side of his face. Confronted with these incidents coupled with their admitted impairment of Bollerer's work, Mr. and Mrs. Elenberger reasonably should have suspected the existence of a work-connected injury. In fact, there is some evidence that Mr. Elenberger did consider the possibility of a compensation claim. He testified that he filled out a Workmen's Compensation form, because Bollerer could not work, "right after he left, Jan. 7th"— well within the 90-day notice period. However, when shown that the form was dated June 26, 1961 Elenberger said that he could not recall the date he filled it out and that the date which appeared on it did not refresh his recollection.

█ The Appellate Division apparently concluded that the statutory notice requirement had not been satisfied because the Elenbergers "did not know, nor were they given notice * * * that petitioner's illness *was* connected in any way with his job performance, or that he had suffered any accident arising out of and during the course of his employment, or that he intended to make any such claim." 93 *N. J. Super.*, at *p.* 62 (emphasis added). However, the

law does not require such knowledge; mere reason to inquire whether there was an injury within the broad coverage of the Compensation Act satisfies the statute. See *Panchak, supra.* Insofar as the Appellate Division did consider that the Elenbergers were on notice to inquire whether Bollerer's disability was work-connected, it found that they had inquired and were told by him that his trouble was due to a circulatory condition and that his doctor advised him to continue working. The Appellate Division held that this did not constitute knowledge of a potentially compensable injury. However, the inquiry which elicited the information concerning Bollerer's circulatory problem was made well before the dramatic change in his condition about Christmas time 1960. As we have concluded above, this sudden disablement of a previously capable worker certainly presented sufficient reason for the Elenbergers to make further inquiry.

 We agree with the Appellate Division's criticism that the County Court should not have disposed of the issue of the causal relationship between Bollerer's disability and his employment, but should have remanded that issue to the Division which had not passed upon the question. In compensation appeals the *de novo* review by the County Court should extend only to issues which have been resolved by the Division; where it is necessary to decide factual issues not reached by the judge of compensation, the case ordinarily should be remanded for his initial determination. We would remand this aspect of the case to the Workmen's Compensation Division but for the following factors: Throughout the appeals the employer fully briefed and argued the question of causal relationship without objecting to the County Court's procedure; the petitioner is now sixty-two years of age and already has waited more than six years for disposition of his case. Under these circumstances, the interests of justice require that we bring finality to these proceedings.

██ We conclude that substantial credible evidence supports the decision reached by the County Court that Bol-

lerer's disability was causally related to his employment. Moreover, in order to afford the employer,,the *de novo* review of the initial determination, as provided by the Workmen's Compensation Act, *N. J. S. A.* 34:15–66, in the exercise of our original jurisdiction, *R. R.* 1:5–4(a), we have evaluated the evidence anew. Our review of the record leads us to an independent conclusion that, while the medical evidence was conflicting, the petitioner has sustained his burden of proving that his disability arose out of and in the course of his employment.

The judgment of the Appellate Division is reversed and the judgment of the County Court is reinstated.

*For reversal* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, SCHETTINO and HANEMAN—6.

*For affirmance*—None.