536 P.2d 219

**Maureen E. RILEY, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**R. Michael O'Harra, M.D., Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 1157.**

Court of Appeals of Arizona, Division 1, Department C.

June 10, 1975.

Burton & Associates by Osmond A. Burton, Jr., Scottsdale, for petitioner.

Greg L. Folger, Chief Counsel The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel State Compensation Fund by Peter C. Kilgard, Phoenix, for respondent employer and respondent carrier.

## OPINION

NELSON, Presiding Judge.

The issue before the Court in this case is whether Maureen E. Riley, petitioner herein (Riley), filed her claim for compensation "within one year after [her] injury occurred or the right thereto accrued" as required by A.R.S. § 23–1061A. The hearing officer found that she did not and denied compensation on that basis. We concur in the hearing officer's findings and affirm the award.

There are no substantial disputes in the facts leading up to this claim. Riley, a registered nurse who had just completed her training, went to work in Spetember, 1969 for R. Michael O'Harra, M.D., a pediatrician. As a nurse in a pediatrician's office she was continuously exposed to a variety of childhood diseases, many of which were highly infectious and easily communicable. In October and November of 1969 she first began experiencing the symptoms which eventually developed into the disease which she now suffers.

Dr. O'Harra advised Riley in October and November of 1969 that what she was experiencing was not at all unusual and that she could expect to contract, to a greater or lesser degree, many of the childhood diseases until her immunity was built up. She continued to work, but her condition did not improve. In January, 1970, Riley's condition was diagnosed as bronchitis, a lung disease. She continued to work but still showed no improvement. In July of 1970, she was hospitalized for tests and her condition was further diagnosed as mycoplasma pneumonia, a lung disease with symptoms similar to bronchitis, and probably included in the broad diagnosis of bronchitis. In August of 1970, she was placed on one-half time status because of her inability to work longer hours. While the medical testimony indicated that most mycoplasma infections do not become chronic, Riley's did. She worked for Dr. O'Harra until December of 1970, when she could no longer handle the work any more because of her illness. She tried to go back to work twice after that time. She worked two weeks for Doctors Hospital in February of 1971 and then became ill. She worked from April through October of 1971 for Good Samaritan Hospital but missed considerable time because of her illness. She has not worked since that time but hopes to recover sufficiently to return to work. The current medical diagnosis of her condition is chronic bronchitis.

In March of 1972, due to a casual contact with her cousin, the attorney in this case, Riley became aware of the fact that she might have a compensable workmen's

compensation claim. Dr. O'Harra reviewed his old records and verified that they showed he had treated some children for mycoplasma pneumonia in the fall of 1969 and Riley had been exposed. This review was accomplished in July of 1972. Riley filed her claim in March of 1973.

The evidence leaves no doubt that both Dr. O'Harra and Riley knew from October of 1969 that her illness was work connected. Obviously, as the illness worsened, they knew it was severe and then, disabling. While much is made of the review of Dr. O'Harra's records in July of 1972, a reading of the total record, especially the medical testimony and that of Riley, indicates that the documentary evidence would not have been necessary to carry Riley's burden of proof. The doctor testified that the mycoplasma infection was common in children and both Riley and O'Harra's testimony was convincing and uncontradicted regarding the work relationship of her illness.

■ The case law in this jurisdiction is such that the time limit set forth in A.R.S. § 23–1061 does not begin to run in cases of gradual injury, such as this one, until the injury becomes manifest or when the claimant knows or in the exercise of reasonable diligence should have known that she had sustained a compensable injury. Mead v. American Smelting & Refining Company, 1 Ariz.App. 73, 399 P.2d 694 (1965); English v. Industrial Commission of Arizona, 73 Ariz. 86, 237 P.2d 815 (1951). See also State Compensation Fund v. Fickett, 24 Ariz.App. 31, 535 P. 2d 623 (1975); Bluma v. The Industrial Commission of Arizona, 7 Ariz.App. 358, 439 P.2d 521 (1968) and Freig v. The Industrial Commission of Arizona, 15 Ariz. App. 187, 487 P.2d 408 (1971).

By June of 1970, Riley knew she had a severe illness and that it was work related. Even if we look to the time she was disabled from working, August of 1970, or December of 1970, or October of 1971 (a proposition that was specifically rejected in Mead v. American ·Smelting & Refining

Company, supra), under any theory of the decisions as we read them, Riley's injury became manifest and compensable long before one year prior to the filing of the claim for compensation. A.R.S. § 23–1061.A.

■ What counsel really is seeking here is for the Court to engraft into the language "or the right thereto accrued" in A.R.S. § 23–1061.A, supra, a requirement of knowledge of the law of Workmen's Compensation and/or the ability to amass a quantum of proof to legally sustain a claim. If this were the case, regardless of when the injury occurred, or when the illness and its connection to the employment became manifest, and regardless of whether the employer had complied with the notice provisions regarding coverage by Workmen's Compensation (a question not at issue here), a claimant could always file a claim for compensation within one year after he realized or was informed of his legal right to workmen's compensation for the injury or illness in question. We have not been cited to, nor have we discovered any decisions indicating this to be the law. The workman's right to compensation does not arise or fall on his knowledge of the law, but on the nature of the injury, when it becomes apparent ·and severe enough to warrant compensation, and its work connection.

■ No one is completely confortable with the resolution of a difficult case on the basis of the statute of limitations, particularly when, as here, there is no substantial question regarding the right to the relief sought but for the statute of limitations. Nonetheless, the record amply supports the hearing officer's finding that Riley's injury was manifest and compensable more than one year prior to the time the claim was actually filed in March of 1973. Mead v. American Smelting & Refining Company, supra.

The award is affirmed.

STEVENS and WREN, JJ., concur.