COMBS v MICHIGAN MOBILE HOMES

Docket No. 61877. Decided July 12, 1979. On application by the plaintiff for leave to appeal the Supreme Court, in lieu of granting leave to appeal, modified the order of the Court of Appeals and remanded the case to the Workmen's Compensation Appeal Board.

Robert J. Combs claimed workers' compensation benefits on October 6, 1975 against his employer, Michigan Mobile Homes, and its insurer, Associated Indemnity Company, for a work-related disability after he had open-heart surgery on May 20, 1975. The Workmen's Compensation Appeal Board denied the claim because it concluded that there was insufficient notice of a specific injury or of an occupational disease. The decision implied that the plaintiff had to give at least enough notice of the connection between his work and his heart condition to put the defendant "upon inquiry and require the filing of a report". The appeal board concluded that the plaintiff knew or should have known of the connection between work and disease no later than the date of his surgery. The Court of Appeals, D. F. Walsh, P.J., and R. B. Burns and Allen, JJ., denied leave to appeal (Docket No. 78-1986). Plaintiff applies for leave to appeal. *Held:*

1. The defendant employer in this case knew of the employee's health problem and absence from work. Both the employee and employer may have been unaware of a causal connection, but this does not mean that there has not been notice. The plaintiff in this case told one of the defendant's managers in early April, 1975, that he was having chest pains at work, and the manager gave him permission to leave work. That is the same kind of notice which has been previously held to be sufficient. Therefore, the plaintiff's claim is not to be rejected for want of notice.

2. Since the Court has recently decided the issue of causation in five consolidated cases involving claims for heart and circulatory problems, the Workmen's Compensation Appeal Board should, upon remand in this case, consider the issue of causation in light of the Court's opinion. The appeal board shall allow for the taking of additional medical proofs.

Order modified and the case is remanded to the Workmen's Compensation Appeal Board for further proceedings.

*Sablich, Ryan, Dudley, Rapaport & Bobay, P.C.,* for plaintiff.

*Anderson, Green, McKay & Roberts, P.C.* (by *Richard J. Anderson* and *David L. Ingram),* for defendants.

PER CURIAM. This worker's disability case involves issues concerning notice, the taking of additional testimony, and the causal relationship between the plaintiff's disability and his employment. The Workmen's Compensation Appeal Board said the plaintiff's claim was barred because of its resolution of the issue of notice. We disagree with that conclusion, as did the Court of Appeals, and so remand the case to the appeal board.

The record shows that, in early April of 1975, the plaintiff told Jerry King, one of defendant's managers, he was having chest pains at work. King gave the plaintiff permission to leave work. The record also shows that the plaintiff's wife, also in early April, notified the defendant's office that the plaintiff was in the hospital. The record further shows that the president of Michigan Mobile Homes, just before the plaintiff's open-heart surgery in May, 1975, talked twice to the plaintiff about the plaintiff's medical condition and salary and health insurance matters. This is abundant evidence that Michigan Mobile Homes had notice of the plaintiff's heart problems.

The appeal board, however, has concluded that there was insufficient notice of a specific injury under MCL 418.381; MSA 17.237(381) and that there was insufficient notice of an occupational disease under MCL 418.441; MSA 17.237(441). In so concluding, the appeal board implied that the plaintiff had to make the company aware of the connection between the plaintiff's work and the plaintiff's occupational disease; at least, aware enough to put the defendant "upon inquiry and

require the filing of a report". The appeal board also said the plaintiff knew or reasonably should have known of the connection (between work and disease) at least by the date of surgery, May 20, 1975. Since the plaintiff's petition for benefits was not filed until October 6, 1975, it was too late to afford notice within the statutory period, according to the appeal board.

Because of *Krol v Hamtramck*, 398 Mich 341; 248 NW2d 195 (1976), and *Norris v Chrysler Corp*, 391 Mich 469; 216 NW2d 783 (1974), we reach a different conclusion. As in *Krol* and *Norris*, the employer in this case knew of the employee's health problem and of absence from work. Both the employer and employee may have been unaware of a causal connection between the work and the disability, but this does not mean there has not been notice. See *West v Northern Tree Co*, 365 Mich 402; 112 NW2d 423 (1961); the notice, in this case, given by the plaintiff to Jerry King, a manager, is the same kind of notice given by plaintiff West to his foreman. See 365 Mich 404. Accordingly, plaintiff Combs's case is not to be rejected for want of notice.

The case is to be remanded to the appeal board. Since that board's and the Court of Appeals original decisions in this case, we have resolved five cases involving heart and circulatory problems in deciding *Kostamo v Marquette Iron Mining Co*, 405 Mich 105; 274 NW2d 411 (1979). On remand, the appeal board should take *Kostamo* into account on the issue of causation.

On remand, in accord with the reasoning set forth in the administrative law judge's decision, the appeal board shall allow for the taking of additional medical proofs.

Accordingly, the application by plaintiff-appellant for leave to appeal is considered, and, in lieu of granting leave to appeal, pursuant to GCR 1963,

853.2(4), we modify the Court of Appeals order[1] and remand the case to the Workmen's Compensation Appeal Board for further proceedings consistent with this opinion.

Costs to appellant.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

---

[1] The second, dispositive, paragraph of the Court of Appeals order in this case was:

"It is ordered that the application be, and the same is hereby denied for lack of merit in the grounds presented. Although plaintiff may well have provided adequate notice to defendants as required by § 381 of the act, the appeal board's finding that plaintiff's disability did not arise out of and in the course of his employment is within the scope of the proofs, and constitutes an adequate ground for refusing an award."