772 P.2d 1116

Richard THOMPSON, Petitioner,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

FNF Construction, Respondent Employer,

Security Ins. Co. of Hartford, Respondent Carrier.

No. CV–88–0302–PR.

Supreme Court of Arizona, In Banc.

April 6, 1989.

Taylor & Schaar by Don F. Schaar, Phoenix, for petitioner.

Catherine A. Fuller, Chief Counsel, Indus. Com'n, Phoenix, for respondent.

Wisniewski & Fendon by Don A. Fendon, Phillips & Lyon, P.A. by Seth A. Broder, Phoenix, for respondent carrier/employer.

CAMERON, Justice.

## I. JURISDICTION

Claimant, Richard Thompson, suffered a heart attack on the job while employed by FNF Construction. Thompson filed a claim for workers' compensation benefits. The administrative law judge denied the claim, holding that Thompson had failed to "forthwith" report the accident and injury to his employer as required by A.R.S. § 23-908(D). The court of appeals af-firmed and we accepted Thompson's petition for review. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), A.R.S. §§ 12-120.24, 23-948 and Ariz.R.Civ.App.P. 23, 17B A.R.S.

## II. ISSUE

We must answer one question:
Was the "forthwith" reporting requirement of A.R.S. § 23-908(D) complied with under the facts in this case?

## III. FACTS AND PROCEDURAL BACKGROUND

In June of 1985, claimant, Richard Thompson, was hospitalized for heart problems and underwent an angioplasty. Thompson was later released and permitted to return to work with no restrictions. On 9 August 1985, Thompson began working as a water truck driver for FNF Construction (FNF). Thompson's duties included filling a water tank by taking a hose from the back of the truck, placing it in a canal, pumping water into it and removing the hose from the canal. The hose, when removed from the canal and filled with water, weighed approximately 150 to 200 pounds. At the time of the incident, Thompson had been working overtime, often working ten or eleven hours a day and sometimes seven days a week.

Less than one week before the accident at issue here, Thompson was working with a tamper machine, which causes the user's body to vibrate. Thompson began to feel dizzy, weak-kneed and nauseated. He stopped working and his supervisor and some other workers thought he was suffering from heat stroke. Thompson rested out of the sun and the symptoms subsided. He continued to work everyday thereafter, but felt weak and did not have his usual energy.

On 8 October 1985, Thompson was spraying down bricks with a hose that weighed approximately 40 to 50 pounds when filled with water. While Thompson was pulling the hose he experienced a severe pain in his chest and down his arm. Thompson dropped the hose, fell to his knees and

yelled to Bruce Forth, one of the owners of FNF who was standing nearby, "I think I'm having a heart attack, take me to the house." Bruce Forth drove Thompson to his house and en route radioed Thompson's wife to have her meet them at her house and take Thompson to the hospital. Thompson underwent another angioplasty and has not been able to return to work since.

Immediately following the heart attack, Thompson did not notify anyone because he did not know he was entitled to workers' compensation. Sometime in January of 1986, Thompson decided he could not return to work as he had hoped and inquired at the Social Security office about receiving disability benefits. Social Security told him he was ineligible for disability benefits unless he filed for workers' compensation benefits. After talking with Social Security, Thompson immediately contacted Gene Forth, another owner of FNF, and told him he was going to file a workers' compensation claim and asked for the name of FNF's insurance carrier. According to Thompson, Gene Forth refused to give this information and told Thompson that FNF would fight him "100 percent." Thompson filled out the claim form on 22 January, but did not mail it until sometime in May.

The administrative law judge (ALJ) denied Thompson's claim on grounds that Thompson had not forthwith reported the injury and accident to FNF as required by A.R.S. § 23–908(D). The ALJ ruled that Thompson's statement to Bruce Forth during the course of the heart attack did not constitute a reporting of the injury. The judge stated that the "purpose of forthwith reporting is to allow the employer to become informed promptly that a work-related injury has allegedly occurred." The ALJ analogized the situation to one in which an employee tells his employer he is ill. The ALJ did not believe this type of statement alerts the employer to the fact that the employee's condition might be work-related. The judge found that Thompson's failure to comply with the reporting requirement resulted because Thompson did not wish to jeopardize his employment. The ALJ found the noncompliance to be inexcusable. The judge also found that the evidence was insufficient to establish that Thompson's failure to report forthwith was not prejudicial to the carrier.

The court of appeals affirmed the ALJ's award, holding that merely witnessing the attack at work was not sufficient notice because the employer was not given any reason to believe that the cause of the attack might have been work-related. The court of appeals found that it was necessary for Thompson to tell his employer of the circumstances leading up to the heart attack, i.e., dragging a heavy hose on a hot day. The court of appeals also stated that because there was no forthwith reporting, the burden was on Thompson to prove facts establishing an excuse, including the fact that the employer suffered no prejudice. The court of appeals held that Thompson had failed to sustain this burden. We granted Thompson's petition for review.

## IV. DISCUSSION

Our workers' compensation law requires the following:

> When an accident occurs to an employee, the employee shall forthwith report the accident and the injury resulting therefrom to the employer....

A.R.S. § 23–908(D).

There are two distinct time periods that must be met: first, the period for notice of injury; and second, the period for claiming compensation. A.R.S. §§ 23–908(D), –1061(A); *see also Magma Copper Co. v. Industrial Comm'n*, 138 Ariz. 568, 571, 675 P.2d 1387, 1390 (App.1982), *vacated on other grounds*, 139 Ariz. 38, 676 P.2d 1096 (1983); 3 A. LARSON, THE LAW OF WORKMEN'S COMPENSATION § 78.10 (1988). In Arizona, the period for claiming compensation is one year. A.R.S. § 23–1061(A). However, notice of injury must be given "forthwith." In this case Thompson filed his claim within the statutory one-year period. The only issue is whether Thompson gave notice of the injury "forthwith."

Requiring forthwith notice to the employer serves two purposes. "First, to enable the employer to provide immediate medical diagnosis and treatment with a view to minimizing the seriousness of the injury; and second, to facilitate the earliest possible investigation of the facts surrounding the injury." 3 A. LARSON, *supra*, at § 78.20, *quoted with approval in Magma Copper*, 138 Ariz. at 571, 675 P.2d at 1390.

Thompson argues that formal notice was not required in this case because the employer witnessed the accident, knew of the injury and could reasonably infer that it was work-related. Thompson cites Professor Larson's treatise to support his argument that formal notice was not required in this case. Larson states the following:

> Since the purpose of the notice requirement is to enable the employer to protect himself by prompt investigation and treatment of the injury, failure to give formal notice is usually no bar if the employer had actual knowledge or informal notice sufficient to indicate the possibility of a compensable injury....

3 A. LARSON, THE LAW OF WORKMEN'S COMPENSATION § 78.00 (1988). Respondent also cites LARSON as follows:

> It is not enough, however, that the employer ... be aware that claimant 'feels sick,' ... or has a pain in his back, ... or is in the hospital, ... or has suffered a heart attack. There must in addition be some knowledge of accompanying facts connecting the injury or illness with the employment, and indicating to a *reasonably conscientious* manager that the case might involve a potential compensation claim.

*Id.* at § 78.31(a)(2) (emphasis added).

We recognize that in many cases when an injury and accident occur at work the employer will have no reason to know of any potential compensation claim. Knowledge of a mere loss of physical capacity by an employee does not necessarily give an employer any reason to believe the injury might involve a potential compensation claim. For example, in *Emery v. Industrial Comm'n*, 69 Ariz. 87, 210 P.2d 217 (1949), claimant, while loading a heavy box onto a truck, was jerked and then felt a slight pain in his head and neck. Claimant drove the truck back to his employer's establishment where he and a fellow employee unloaded the box. After unloading the box, claimant attempted to hang up a job ticket, at which time he fell, stood up, and fell again. The fellow employee witnessed both falls, but no one had witnessed the jerk claimant received while loading the box, nor had claimant mentioned it to anyone. *Id.* at 88–89, 210 P.2d at 218. Claimant collapsed forty minutes after loading the box "while standing at his desk performing his ordinary and usual duties." *Id.* at 93, 210 P.2d at 221. His employer had no reason to know that the injury might be work-related or that claimant might file a compensation claim. We upheld the commission's award denying compensation.

■ In these "silent accident" cases, the possibility of a compensation claim is not always apparent. *See Pacific Fruit Express v. Industrial Comm'n*, 153 Ariz. 210, 735 P.2d 820 (1987); *Magma Copper Co. v. Industrial Comm'n*, 139 Ariz. 38, 676 P.2d 1096 (1983); *Riley v. Industrial Comm'n*, 24 Ariz.App. 98, 536 P.2d 219 (1975). The mere fact that an employee tells his employer that he does not feel well or that he is in pain does not give the employer reason to know that the injury might involve a potential compensation claim. Other facts must also be present to constitute notice to the employer.

■ The facts of this case, however, establish that a "reasonably conscientious" employer would have known that Thompson's heart attack could involve a potential compensation claim. Bruce Forth heard Thompson yell that he thought he was having a heart attack, drove Thompson to his house and radioed Thompson's wife to have her meet them at the house and take Thompson to the hospital. FNF knew that Thompson had the heart attack while at work and while performing the strenuous duties assigned him. FNF also knew of the overtime hours Thompson had been putting in at work. We believe these facts were sufficient to put FNF on notice that

the heart attack could involve a potential compensation claim.

There are similar cases that hold that the employer's actual knowledge of the accident is sufficient to serve as forthwith notice of the injury. For example, in *Andronaco v. Industrial Comm'n*, 50 Ill.2d 251, 253, 278 N.E.2d 802, 803 (1972), the claimant, a garbage worker, handled over 20,000 pounds of garbage one day and, according to a fellow employee, "sweated a lot" and was "a little pooped." That day claimant came home and died of a heart attack during the middle of the night. *Id.* at 253, 278 N.E.2d at 803–04. Claimant's wife called the employer the day of her husband's death and told the employer that claimant had come home sick the day before and passed away that night from a heart attack. *Id.* at 256, 278 N.E.2d at 805. The Illinois Supreme Court held that such notice was sufficient. *Id.* at 257, 278 N.E.2d at 805.

In *Combs v. Michigan Mobile Homes*, 406 Mich. 507, 280 N.W.2d 451 (1979), the claimant told a manager that he was having chest pains and received permission to leave work. Later, claimant's wife notified the employer that claimant was in the hospital. *Id.* at 508, 280 N.W.2d at 452. The Michigan Supreme Court held that the notice given was sufficient. The court rejected the appeal board's implication that the claimant had to make the employer aware of the connection between the work and the injury. *Id.* at 508–09, 280 N.W.2d at 452.

Other jurisdictions follow a similar analysis. *See, e.g., Rowton v. Rainbo Baking Co.*, 189 Kan. 74, 366 P.2d 796 (1961) (holding that the employer was provided with notice of injury when claimant's son called the employer and told him that claimant had suffered a heart attack and would not be back to work for a while); *Bollerer v. Elenberger*, 50 N.J. 428, 432–33, 236 A.2d 138, 141 (1967) (holding that formal notice was not required because employer had sufficient knowledge of the injury when employer noticed that claimant could not perform routine tasks, that claimant's condition had worsened and that claimant dragged his right leg and had difficulty using his right arm); *Nagy v. National Can Co.*, 277 A.D. 1083, 1083, 100 N.Y.S.2d 807, 808–09 (1950) (evidence that employer's foreman, company nurse and physician were aware that claimant became suddenly and acutely ill when a machine claimant was operating suddenly jammed supported a finding that employer knew of the accident and injury and thus excused claimant's failure to file a written notice of injury).

■ We agree with the New Jersey Supreme Court that,

> Although knowledge of a mere loss of physical capacity by an employee may not require an employer to inquire about the possibility of a work-connected injury, when an employer has reason to know that there is a sudden and severe loss of physical capacity and can see that the effects have seriously impaired the employee's ability to perform his work, the employer should suspect a possible work-connected injury.

*Bollerer v. Elenberger*, 50 N.J. 428, 432, 236 A.2d 138, 140 (1967).

Part of the problem in this case may be that Thompson did not intend to notify his employer forthwith. Indeed, Thompson appears not to have known of this requirement or even of his right to workers' compensation benefits. Nevertheless, even though Thompson did not intend to notify the employer, the employer was notified contemporaneously with the accident and injury and put on notice of the possibility that they were work related. We note that there is no requirement that the claimant be the only one to notify the employer of the accident. For example, A.R.S. § 23–908(D) requires the claimant's physician to also "forthwith" report the injury to the employer as well as to the insurance carrier and the commission.

We hold that, based on the facts of this case the "forthwith" notice requirement of A.R.S. § 23–908(D) was satisfied.

## V. DISPOSITION

The memorandum decision of the court of appeals is vacated and the award is set aside.

GORDON, C.J., FELDMAN, V.C.J., and MOELLER, J., concur.

HOLOHAN, J., participated in this matter but retired prior to the filing of this opinion.

CORCORAN, J., did not participate in the determination of this matter.