NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

TRANSACT CAMPUS, *Petitioner Employer*,

INDEMNITY INSURANCE CO. OF NORTH AMERICA, *Petitioner Carrier,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

MICHAEL BEIERLE II, *Respondent Employee*.

No. 1 CA-IC 25-0008

FILED 12-10-2025

Special Action - Industrial Commission
ICA Claim No. 20231790058
Carrier Claim No. 20G36K411489
The Honorable Karen E. Karl, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Lundmark, Barberich, La Mont & Puig, P.C., Phoenix
By Kirk A. Barberich, David T. Lundmark, Renna M. DeVoll
*Counsel for Petitioner Employer and Carrier*

Industrial Commission of Arizona, Phoenix
By Afshan Peimani
*Counsel for Respondent*

Ahwatukee Legal Office, P.C., Phoenix
By David L. Abney
*Counsel for Respondent Employee*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Vice Chief Judge David D. Weinzweig joined.

---

**B A I L E Y**, Judge:

¶1 Petitioners Transact Campus and its workers' compensation insurance carrier, Indemnity Insurance Co. of North America (collectively, "Transact"), challenge an Industrial Commission of Arizona ("ICA") award and decision upon review excusing Respondent Employee Michael Beierle's late-filed claim and finding he promptly reported his work-related knee injury, making the injury compensable. Transact argues insufficient evidence supports the Administrative Law Judge's ("ALJ") findings, and the ALJ failed to make necessary written factual findings to support her conclusions. We affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2 We view the facts in the light most favorable to sustaining the ICA award. *Salt River Project v. Indus. Comm'n*, 128 Ariz. 541, 544-45 (1981). On the morning of August 19, 2021, Beierle felt his knees "pop" while working for Transact in California. By the afternoon, he told a co-worker his knees were hurting. Beierle's co-worker observed Beierle having "trouble" and "a hard time" walking that day. Before his shift ended, Beierle advised an off-site supervisor that he injured his knees and his left knee was "burning." The supervisor later confirmed he sent an email to Transact's HR department to report Beierle's injury. The HR department denied receiving the email.

¶3 Almost three weeks later, he saw his primary care provider. Licensed Physician Assistant Anthony Nelson found significant left knee swelling, provided anti-inflammation medication, and recommended an ultrasound.

¶4            A September 2021 ultrasound showed a possible meniscus tear in the left knee.  In March 2022, an MRI showed a torn meniscus, which was later surgically repaired.

¶5            Medical records from September 2021 and March 2022 noted Beierle was "on vacation" when the injury happened.  Nelson later amended his records at Beierle's request to reflect that he was injured while working.  Nelson did not, however, file a report of injury with the ICA.  *See* Ariz. Rev. Stat. ("A.R.S.") § 23-908(A) (requiring physicians to file reports of injury for known work-related injuries).

¶6            Beierle continued to work, taking time off to go to medical appointments, and no one from Transact contacted him about the injury.  In March 2022, he emailed a company director to say he was taking time off for surgery on the "knee that [he] hurt" while working in California.  At that time, he told an HR representative that he had informed his supervisor about the injury on the day it happened.  The HR representative told Beierle she "would look into it."

¶7            Beierle next talked to HR in the summer of 2022.  When Beierle asked if HR was making progress on the claim, he was told they were waiting to hear back from the carrier.  That August, the HR representative told him she would "call in the claim" to the workers' compensation provider.  She told Beierle the provider was having trouble finding a claim in their system.  The HR representative worked with the carrier's "intake person" to clarify the claim but needed more information from Beierle.  During these conversations, Beierle asked for a form to fill out but was not provided one.  He believed HR had taken responsibility for reporting his injury claim.

¶8            Although Beierle consistently stated that his injury occurred on August 19, he mistakenly told HR, multiple times, the injury happened in 2020 rather than 2021.  Transact employed a third-party Professional Employer Organization ("PEO") to handle workers' compensation claims and had switched PEOs between August 2020 and August 2021.  Beierle's incorrect reporting year caused Transact to contact the wrong PEO to process the claim.  By September 2022, the appropriate PEO began to process the claim.

¶9            In October 2022, Beierle emailed a senior claim consultant for the carrier, noting he had received a letter stating that a factual review indicated his claim was not work-related.  Beierle questioned what facts the

3

carrier had relied on to reach its determination.  Beierle copied Transact's HR department on the email.

¶10        Meanwhile, although Beierle had tried to correct the injury date with Transact's HR department in August 2022, the parties continued to use the incorrect August 2020 injury date.  In February 2023, the carrier's senior claim consultant emailed Beierle (and copied Transact's HR department), stating Beierle's claim was untimely and the "vacation" note in his medical file meant the injury was not work-related.  The carrier reported that it had not formally denied the claim because the ICA had not notified it of an existing claim and advised Beierle: "If you file [a claim with the ICA], it will allow them to notify us and we can issue a formal denial and from there you can appeal the denial."

¶11        That same day, in an email to Beierle, HR explained why the carrier was denying coverage and told him that the carrier would be contacting him with instructions for his "next steps."  That afternoon, Beierle emailed the carrier (and copied HR), responding that he was not on vacation when he was injured.  He also asked about the carrier's investigation of his claim.  The record contains no subsequent correspondence from the carrier.

¶12        In June 2023, Beierle filed his claim with the ICA, again using the wrong injury date.  By November 2023, Beierle discovered his mistake and updated his claim with the 2021 injury date.

¶13        In July 2023, Transact issued a Notice of Claim Status denying Beierle's claim.  Beierle requested a hearing.  Transact raised two affirmative defenses: (1) Beierle filed his claim after the statutory one-year limitations period, and (2) Beierle did not promptly report the injury.

¶14        The ALJ conducted separate hearings on the injury accrual date and the timeliness of Beierle's claim.  After considering the evidence and testimony, the ALJ found Beierle's testimony credible and concluded his claim had accrued in March 2022.  The ALJ also concluded Beierle's late filing was excused because she found he justifiably relied on Transact's representations that it would handle his claim.

¶15        Transact requested administrative review, and the ALJ summarily affirmed her decision.  Transact then filed this timely statutory special action.  We have jurisdiction under A.R.S. §§ 12-120.21(B) and 23-951(A).

4

**DISCUSSION**

**¶16**        Transact argues insufficient evidence supports the ALJ's findings that (1) Beierle's claim accrued in March 2022 when the MRI was obtained, and (2) Beierle justifiably relied on Transact's representations about its responsibility for the claim processing.  Transact also argues the ALJ made insufficient factual findings.  We disagree.

**¶17**        On review, this court defers to the ALJ's factual findings, *Special Fund Div. v. Indus. Comm'n*, 252 Ariz. 267, 269, ¶ 6 (App. 2021), viewing the evidence in a light most favorable to upholding the award, *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002).  The ALJ, not this court, resolves all conflicts in the evidence and draws all warranted inferences.  *Aguayo v. Indus. Comm'n*, 235 Ariz. 413, 416, ¶ 11 (App. 2014).  This court also defers to the ALJ's resolution of conflicting evidence and will affirm the ALJ's findings if any reasonable theory of evidence supports them.  *Perry v. Indus. Comm'n*, 112 Ariz. 397, 398–99 (1975).

I.        One-Year Filing Limitation

**¶18**        Absent certain exceptions, workers' compensation claims must be filed within one year of the date the claim accrues.  *See* A.R.S. § 23-1061(A).  An injury accrues "when the injury becomes manifest or when the claimant knows or in the exercise of reasonable diligence should know that the claimant has sustained a compensable injury."  *Id.*  This requirement may be excused if the applicant establishes justifiable reliance on a material representation by the employer or carrier.  *Id.*

**¶19**        Beierle filed his claim in June 2023, twenty-two months after the injury occurred.  Transact argues the ALJ erred by concluding the claim accrued in March 2022, instead of in September 2021 when Nelson treated Beierle.

**¶20**        Even assuming the claim accrued in September 2021, that is not determinative because Beierle relied on representations from Transact in delaying filing his claim.  If an employee files a claim beyond the deadline "because of justifiable reliance on a material representation" by the employer, the ICA retains jurisdiction to hear the claim.  *Id.*  This exception applies if the employee is lulled into inaction by the employer.  *McKaskle v. Indus. Comm'n*, 135 Ariz. 168, 170-71 (App. 1982).  Substantial evidence supports the ALJ's finding that this exception applied to Beierle, including that Beierle "consistently followed up and asked for help and direction" from Transact.

¶21 Transact next argues Beierle's delay was not justifiable beyond February 2023 when HR told him how to file an ICA claim. "A party justifiably lulled into forgoing filing of a claim beyond the expiration of a period of limitations must file his claim 'within a reasonable time after the circumstances inducing delay have ceased to be operational.'" *Cajun Cable Co. v. Indus. Comm'n*, 156 Ariz. 590, 596 (App. 1987) (quoting *McKaskle*, 135 Ariz. at 174). Transact argues Beierle did not file his claim within a reasonable time after the February 2023 email. Transact also contends the ALJ erred by failing to make specific findings about whether Beierle exercised due diligence after February 2023. We reject these arguments.

¶22 First, in its February 2023 email, HR explained that a doctor treating a work injury typically sends a form to the ICA, which then notifies the employer and carrier. Because that did not happen in Beierle's case, HR told him that "the employee can go to the Industrial Commission of Arizona's website and file a form 407, which is the Worker's Report of Injury" and the filing of that form "will trigger a notification and at that point we can file a formal denial." But the email ended with HR telling Beierle the carrier would contact him. Viewing the evidence in a light most favorable to upholding the award, the ALJ could reasonably have read the email as informing Beierle about the process and instructing him to wait to hear from the carrier before taking his "next steps." This supports that Beierle reasonably waited and then filed his claim in June 2023.

¶23 Second, the ALJ's failure to make specific factual findings on this issue is not reversible error. An award will be set aside for lack of written findings if a reviewing court cannot determine whether the basis for the award is "legally sound." *Villanueva v. Indus. Comm'n*, 148 Ariz. 285, 288-89 (App. 1985) (quoting *Cavco Indus. v. Indus. Comm'n*, 129 Ariz. 429, 435 (1981)). Here, we can determine there is substantial evidence to support the ALJ's decision to accept as sufficient Beierle's June 2023 filing.

II. Prompt Reporting of the Injury

¶24 Transact also argues Beierle's injury report to his supervisor in August 2021 did not meet the prompt reporting requirement because "he did not tell Transact that he required medical treatment." We are not persuaded.

¶25 Workers must promptly report an accidental injury to the employer. A.R.S. § 23-908(E). Prompt reporting allows employers to provide immediate medical diagnosis and treatment and to investigate the circumstances of the injury. *Thompson v. Indus. Comm'n*, 160 Ariz. 263, 266

(1989). An injured worker who does not promptly report an injury cannot receive compensation. A.R.S. § 23-908(F). An allegation that an employee failed to promptly report an injury is treated as an affirmative defense. *Magma Copper Co. v. Indus. Comm'n*, 139 Ariz. 38, 45 (1983).

**¶26** The parties introduced conflicting evidence on whether Beierle reported the injury on the day it happened. We must uphold an ALJ's resolution of conflicting testimony when evidence reasonably supports it. *Fry's Food Stores v. Indus. Comm'n*, 161 Ariz. 119, 121 (1989). Here, the ALJ found that Beierle reported the injury to his supervisor the day it happened. Testimony from Beierle, who the ALJ found credible, and two others supports the ALJ's conclusion that Beierle told his supervisor he was hurt while working. We will not disturb that conclusion.

**¶27** To support its argument that Beierle insufficiently reported his injury, Transact relies on *Thompson*, a case in which the Arizona Supreme Court addressed "silent accident" cases—when a worker is injured but is not sure the injury is work-related. The court stated:

> The mere fact that an employee tells his employer that he does not feel well or that he is in pain does not give the employer reason to know that the injury might involve a potential compensation claim. Other facts must also be present to constitute notice to the employer.

160 Ariz. at 266. In *Thompson*, the supreme court set aside the ICA's conclusion that Thompson had failed to promptly report his injury, holding that the employer knew the heart attack happened while Thompson was at work while performing his duties. *Id.*

**¶28** Here, Beierle notified his supervisor that he hurt his knees on the day it happened, and the supervisor testified he emailed HR about the injury. Thus, both Beierle and the supervisor believed the injury was work-related. This put Transact on notice. The ALJ could have relied on this evidence to conclude that Beierle's notice was sufficient.

III.    Costs on Appeal

**¶29** Finally, Beierle requests an award of costs on appeal under A.R.S. § 12-342, which authorizes recovery of costs for appeals when judgment was given in the court below. We deny the request because that statute does not authorize an award of costs in this matter. *See L.H. v. Culbertson ex rel. Maricopa Cnty.*, 257 Ariz. 459, 463, ¶ 17 (App. 2024)

(denying a request for fees and costs because a special action is not an appeal and no judgment had been obtained in a court below).

## CONCLUSION

¶30      We affirm the award and decision upon review.

